UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY DeMATTEO,<br>    *Plaintiff*,<br><br>    v.<br><br>WALGREEN EASTERN CO., INC.,<br>    *Defendant*. | No. 3:23-cv-943 (JAM) |

ORDER DENYING MOTION TO DISMISS
AND GRANTING MOTION TO TRANSFER TO DISTRICT OF MAINE

    Plaintiff Gregory DeMatteo of Connecticut went on a summer vacation to Maine. There he went into a Walgreens store and allegedly slipped and fell on a wet floor. He has filed this federal diversity negligence lawsuit. Although the accident and claimed negligence happened in Maine, DeMatteo thinks he should be able to sue Walgreens in Connecticut because he lives here and because Walgreens—like so many national chains—operates stores and generally advertises in Connecticut.

    I do not agree. I conclude that DeMatteo has failed to show that the applicable Connecticut long-arm statute allows the courts of Connecticut to exercise personal jurisdiction over national retail chain stores like Walgreens for acts of premises liability negligence that occur in stores outside Connecticut, at least in the absence of any evidence to suggest that Walgreens targeted its advertising to induce Connecticut residents to leave Connecticut to shop at Walgreens' out-of-state store locations. Therefore, I will transfer this action to the District of Maine where it should have been filed in the first place.

1

**BACKGROUND**

I take the facts as stated in DeMatteo's complaint as true for the purposes of this ruling. On or about July 29, 2021, DeMatteo, a Connecticut resident, was "on vacation in Maine."[1] While there, he went to the Walgreens store in Biddeford, Maine.[2] Upon entering the store, DeMatteo "stepped onto the floor which was covered with a slippery/wet substance."[3] He proceeded "to fall abruptly onto the floor striking his back and thus hitting his head."[4]

As a result of the fall, DeMatteo "sustained serious, painful, and disabling injuries," including "a cerebral concussion, loss of consciousness, disorientation, headache (throbbing pressure), nausea, neck pain, numbness/tingling, dizziness (balance problems), short term memory impairment (fogginess/drowsy), attention/concentration impairment, visual changes (blurred), hyposomnia (broken sleep), and irritability."[5] He "suffered swelling, pain and nausea" and his "injuries have interfered with his ability to sleep at night."[6] DeMatteo still "suffers from pain in his head, neck shoulders, upper back, lower back, and buttocks," as well as "a burning sensation throughout his back."[7]

Since the fall, DeMatteo has had "to expend large sums of money for medical care," been "unable to perform his employment," and "lost a significant amount of time from work."[8] DeMatteo anticipates that he "will be caused to expend certain sums of money for medical care and attention, doctors, physical therapy, and prescriptions" and "prevented from fully enjoying his lifestyles and pleasures."[9]

---

[1] Doc. #1 at 1 (¶¶ 1, 4); Doc. #26 at 1.
[2] Doc. #1 at 1–2 (¶ 4).
[3] *Ibid.*
[4] *Ibid.*
[5] *Id.* at 3 (¶¶ 8–9).
[6] *Id.* at 3–4 (¶¶ 14–15).
[7] *Id.* at 3 (¶ 10).
[8] *Id.* at 3 (¶¶ 11–12).
[9] *Id.* at 3–4 (¶¶ 13, 16).

On July 17, 2023, DeMatteo filed this federal lawsuit, seeking money damages for pain and suffering, loss of enjoyment of life, medical expenses, lost wages, interest, and costs.[10] On October 10, Walgreens moved to dismiss for lack of subject matter jurisdiction, personal jurisdiction, and venue.[11] On the eve of oral argument, DeMatteo moved to transfer this action to the District of Maine as an alternative to dismissal.[12]

## DISCUSSION

The standard that governs a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) is well established. A complaint may not survive unless it alleges facts that taken as true give rise to plausible grounds to sustain the Court's subject matter and personal jurisdiction. *See, e.g.*, *Brownback v. King*, 592 U.S. 209, 217 (2021); *Daly v. Citigroup Inc.*, 939 F.3d 415, 425 (2d Cir. 2019); *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81–82 (2d Cir. 2018).[13]

### *Subject matter jurisdiction*

Walgreens first moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of federal subject matter jurisdiction. According to Walgreens, DeMatteo "has failed to establish diversity jurisdiction because he has not met the amount in controversy requirement set forth in 28 U.S.C. § 1332."[14] Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).[15]

---

[10] *Id.* at 4.
[11] Doc. #12.
[12] Doc. #33.
[13] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[14] Doc. #12 at 5.
[15] DeMatteo is a citizen of Connecticut, and Walgreens (named in its corporate status as Walgreen Eastern Co., Inc.) is allegedly incorporated in New York and without a principal place of business in Connecticut. Doc. #1 at 1 (¶¶ 1-2); Doc. #9 (corporate disclosure statement).

The party claiming jurisdiction "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). But this burden is "hardly onerous" because courts "recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ibid.* Conversely, the party opposing jurisdiction—here Walgreens—"must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Ibid.*

As an initial matter, Walgreens frivolously contends that DeMatteo's submission of a factual affidavit detailing his injuries in response to the motion to dismiss is improper and should be disregarded.[16] But "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

DeMatteo alleges that the fall caused a myriad of medical problems, including "a cerebral concussion," "neck pain," "short term memory impairment," and "hyposomnia."[17] He continues to suffer from these injuries and claims that he has "expend[ed] large sums of money for medical care," "was unable to perform his employment," and "lost a significant amount of time from work."[18] He further alleges that he has "incurred damages over $75,000.00 in medical expenses and losses due to inability to work, pain, and suffering."[19]

---

[16] Doc. #30 at 1–2.
[17] Doc. #1 at 3 (¶ 9).
[18] *Id.* at 3 (¶¶ 10–12); Doc. #28 at 1 (¶ 4).
[19] Doc. #28 at 1 (¶ 5); *see* Doc. #1 at 1 (¶ 3) (alleging that the amount in controversy exceeded the statutory requirement).

Walgreens offers no evidence that the amount recoverable will *not* meet the threshold of $75,000, much less evidence to establish that fact "to a legal certainty." *See Universal N. Am. Ins. Co. v. Dellacamera*, 2014 WL 12767450, at *2 (D. Conn. 2014) (finding that although plaintiff did not substantiate his claims with medical records or bills, his allegations of injuries, treatment, and loss of work were sufficient to defeat a motion to dismiss for lack of subject matter jurisdiction).

Although Walgreens faults DeMatteo for failing to claim a specific dollar amount of damages, a "plaintiff need not allege a specific number to meet the [amount-in-controversy] threshold." *Knowlek v. NRT New Eng. LLC*, 2023 WL 7282364, at *3 (D. Conn. 2023). Accordingly, I am satisfied that the amount in controversy exceeds $75,000 and will deny Walgreens' motion to dismiss for lack of subject matter jurisdiction.

### *Long-arm jurisdiction*

Walgreens next moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. As the Second Circuit has explained, there are generally three reasons why a federal court may lack personal jurisdiction over any particular defendant. First, the defendant may not have been served with process in technical compliance with the procedures required for serving a summons and complaint. Second, if the defendant is from outside the State where the federal court is located, the defendant may not be subject under state law to the "long-arm" jurisdiction of the courts of that State. Third, the exercise of jurisdiction over a defendant who lives outside the State where a court is located may not comport with constitutional principles of fairness and due process. *See generally U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 149 (2d Cir. 2019); *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017); *Waldman v. Palestine Liberation Org.*,

835 F.3d 317, 327 (2d Cir. 2016). Here, Walgreens argues in part that it is not subject to personal jurisdiction under Connecticut's long-arm statute.[20]

A long-arm statute allows the courts of one State to exercise jurisdiction over individuals or entities that are residents or citizens of another State. Although long-arm statutes are constructs of state law, they matter to federal courts because the Federal Rules of Civil Procedure generally condition the "establish[ing of] personal jurisdiction over a defendant" on whether the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).

Here, DeMatteo has sued an out-of-state corporation. Connecticut's long-arm statute for lawsuits against foreign corporations—Conn. Gen. Stat. § 33-929(f)— affords various grounds for the exercise of personal jurisdiction. But the only one relied on here by DeMatteo is that this lawsuit arises from "any cause of action arising . . . out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business." Conn. Gen. Stat. § 33-929(f)(2).[21]

The Connecticut Supreme Court has found this statutory requirement to be satisfied "if, at the time the defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a solicited person

---

[20] *See* Doc. #12 at 6.

[21] The statute reads in full: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) *out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state*; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance." Conn. Gen. Stat. § 33-929(f) (emphasis added).

on a cause of action similar to that now being brought by the plaintiff." *Thomason v. Chem. Bank*, 234 Conn. 281, 296 (1995) (interpreting predecessor statute, Conn. Gen. Stat. § 33-411(c)(2)), *abrogated on other grounds by Adams v. Aircraft Spruce & Specialty Co.*, 345 Conn. 312, 351–54 (2022).[22] So the core question here is whether Walgreens' advertisements in Connecticut made it reasonably foreseeable that it would be sued in Connecticut for an act of premises liability negligence that occurred at a Walgreens store in Maine.

DeMatteo relies on various cases holding that corporate advertising in Connecticut satisfied § 33-929(f)(2) even though the plaintiff's injuries stemmed from negligence occurring at a company's out-of-state facility. Thus, for example, in *Mallon v. Walt Disney World Co.*, 42 F. Supp. 2d 143 (D. Conn. 1998), Judge Chatigny ruled that Walt Disney World's "advertising activity in Connecticut is sufficient to satisfy the requirements of § 33–929(f)" and that when Walt Disney World "'deliberately reached out' to attract Connecticut residents to their resort … [it] could reasonably expect to be haled into court here in connection with claims for personal injuries sustained by Connecticut residents while visiting the resort." *Id.* at 144, 145.

Similarly, Judge Hall ruled that a Vermont ski resort was subject to personal jurisdiction under § 33-929(f)(2) because "the defendant could reasonably foresee that Connecticut residents would respond to its various advertisements [in Connecticut] by skiing at its facility [in Vermont] and, if harmed by the defendant's negligence, suing the defendant in Connecticut." *O'Brien v. Okemo Mountain, Inc.*, 17 F. Supp. 2d 98, 101 (D. Conn. 1998); *see also MacCullum v. New York Yankees P'ship*, 392 F. Supp. 2d 259, 264–65 (D. Conn. 2005) (foreign partnership

---

[22] Even if DeMatteo satisfied the statutory "reasonably foreseeable" standard of *Thomason*, the Connecticut Supreme Court's more recent decision in *Adams* raises significant doubt that the exercise of personal jurisdiction over Walgreens in Connecticut would be consistent with constitutional due process for lack of any material case-related nexus between Connecticut and the cause of action for negligence from a slip-and-fall at a store in Maine. But because I conclude for the reasons explained below that DeMatteo has failed in the first instance even to satisfy the long-arm statutory standard, I have no need to address the more demanding constitutional standard as explained in *Adams*.

subject to personal jurisdiction under parallel statute after Connecticut resident was injured at Yankee Stadium in New York City).

In response, Walgreens argues—and I agree—that the facts of these cases are readily distinguishable. For each of these cases, the out-of-state companies advertised in Connecticut in order to attract or entice a Connecticut plaintiff to visit the companies' out-of-state resort or sporting facility. Here, by contrast, Walgreens advertises in Connecticut but there is nothing to suggest that its advertisements were intended to induce to DeMatteo to journey all the way to Maine to visit one of Walgreens' generic store locations there. To the contrary, the complaint alleges that DeMatteo was already on vacation in Maine when he decided to go to a Walgreens store there.

The fact that DeMatteo claims to have already been familiar with Walgreens stores from Connecticut because of Walgreens' advertising in Connecticut did not make it reasonably foreseeable to Walgreens that allowing a wet floor at one of its stores in Maine would result in litigation in a state court of Connecticut. Quite to the contrary, Walgreens would reasonably foresee that if anyone slipped at one of its stores in Maine, then it would be subject to a lawsuit in Maine rather than in some other location far from where the alleged act of premises liability negligence occurred.

I am convinced by the reasoning of Judge Blue on very similar facts in *Delvecchio v. Dayton Hudson Corp.*, 2000 WL 254568 (Conn. Super. Ct. 2000). In that case, a Connecticut resident who was on vacation in Florida went into a Target department store to shop, slipped and fell on a wet floor, and sued Target's parent corporation in Connecticut state court. Judge Blue ruled that Target's national advertising, including in Connecticut, did not make it reasonably foreseeable that Target would be sued in Connecticut if someone slipped and fell in a Target

store in Florida. He distinguished the resort and sporting cases discussed above, noting that—unlike those locations—Target "may be a nationally known chain, but it is unlikely that anyone will travel from Connecticut to Florida for the specific purpose of visiting a Target Store." *Id.* at *4. The department store itself was "not a destination location" and "[i]ts out-of-state visitors have traveled out-of-state for reasons having nothing to do with Target." *Ibid.* Therefore, "[u]nder these circumstances, it was not reasonably foreseeable that, as the result of its solicitation, the defendant could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the plaintiff," and "[t]he long-arm statute, Conn. Gen. Stat. § 33-929(f)(2), does not authorize the assertion of jurisdiction over the defendant." *Ibid.* Accordingly, in line with Judge Blue's reasoning, I conclude that Connecticut's long-arm statute does not allow this lawsuit to proceed in Connecticut against Walgreens.

### *Motion to transfer*

But my analysis does not end there. DeMatteo has moved to transfer this action to the District of Maine as an alternative to dismissal.[23] When a case is filed in a federal district in which venue is improper, the district court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).[24]

So the first question is whether venue is proper in the District of Connecticut. For civil actions filed in a federal district court, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a

---

[23] Doc. #33.
[24] DeMatteo has moved for transfer pursuant to both 28 U.S.C. § 1404(a) and § 1406(a). Doc. #33 at 1. But § 1404(a) provides for transfer based on "the convenience of parties and witnesses," 28 U.S.C. § 1404(a), and therefore "operates on the premises that the plaintiff has properly exercised his venue privilege." *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964); *see Huang v. Valarhash LLC*, 2023 WL 7325927, at *1 (S.D.N.Y. 2023). Because as discussed below, venue is not appropriate in the District of Connecticut, I limit my analysis to § 1406(a) as the statutory basis for transfer.

judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)–(2). For venue purposes, a corporate defendant like Walgreens is deemed to reside in any judicial district in which it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(2).

Here, as I have ruled above, Walgreens is not subject to personal jurisdiction in Connecticut pursuant to Connecticut's long-arm statute. And because there is no showing that a substantial part of the events or omissions giving rise to DeMatteo's claim against Walgreens took place in Connecticut, there is no proper venue in Connecticut.

The next question is whether the interest of justice favors transfer of this case to the District of Maine where it could have been brought. The answer is yes. DeMatteo alleges a serious injury, and there is no reason to suppose that a court in Maine would not be fully competent and capable of adjudicating the merits of the alleged slip-and-fall accident that took place at a store in Maine. Nor does Walgreens oppose the transfer motion. Accordingly, I shall transfer this action to the District of Maine in lieu of dismissal of this action.

## CONCLUSION

For the reasons set forth above, the Court GRANTS plaintiff's motion to transfer (Doc. #33). Defendant's motion to dismiss (Doc. #12) is DENIED as to lack of federal subject matter jurisdiction and DENIED as moot as to lack of personal jurisdiction in light of the transfer. The Clerk of Court shall forthwith TRANSFER this action to the United States District Court for the District of Maine.

It is so ordered.

Dated at New Haven this 29th day of July 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

11